**James McINTOSH, Plaintiff,**

v.

**COVENANT HOUSE, Bruce Henry, Dr. Robert Giugliano, Defendants.**

**No. 05 Civ. 9973(CM).**

United States District Court,
S.D. New York.

Jan. 22, 2008.

---

Roger Spencer Wareham, Brooklyn, NY, for plaintiff.

Jonathan Paul Arfa, Jonathan P. Arfa, P.C., White Plains, NY, for defendants.

**MEMORANDUM ORDER DISMISSING COMPLAINT AS AGAINST DEFENDANTS HENRY AND GIUGLIANO AND GRANTING MOTION TO STRIKE**

McMAHON, District Judge.

Before the Court is the motion by individual defendants Henry and Giugliano to dismiss the Complaint for, *inter alia,* failure to effect proper service, as well as the motion by defendant Covenant House to strike from the Amended Complaint certain matter that was dismissed from a prior pleading by this Court.

Familiarity with this Court's decision of June 28, 2007 is presumed.

When the parties were last before the Court, plaintiff's claims against the two individual defendants were dismissed with prejudice, except for their claim pursuant to 42 U.S.C. § 1981, which was dismissed without prejudice. The basis for the dismissal was failure to effect proper service of process. Plaintiff was given leave to file an amended complaint, so he could cure his failure to allege defendant Henry's personal involvement in the decision to fire him. The Court specifically directed that plaintiff do two things within twenty days of its decision, or by July 18, 2007—effect proper service on the individual defendants and serve an amended complaint in compliance with the decision.

On July 17, 2007—the next to last day—plaintiff tried to carry out this directive. The Amended Complaint in this action contains on its last page the following handwritten legend:

> I declare under declaration of perjury that the Amended Complaint served on Covenant House, Bruce Henry, Dr. Robert Giugliano on July 17, 2007 at Administrative offices at 346 W. 17th Street. Service accepted by Staff Attorney Nancy Downing. Service by mail to defendants Giugliano and Henry was made pursuant to N.Y. CPLR 308 on July 17.
>
> Roger Wareham
>
> 7/18/07

Roger Wareham is plaintiff's attorney.

Giugliano moved to dismiss because he had ceased to be employed at Covenant House as of July 7, 2006, so the office where he was purportedly served was not his "actual place of business" on July 17, 2007. However, Attorney Downing accepted service on Giugliano's behalf. Therefore, plaintiff's counsel asked for and obtained an extension of time to effect service on Dr. Giugliano, on the ground that he had been misled and had not been afforded a fair opportunity to comply with the Court's June 28, 2007 order. The Court extended the time for serving Dr. Giugliano to September 14, 2007. I indicated that time would not be further extended.

Plaintiff's counsel subsequently filed an affidavit of service, signed by one Carl King, stating that on September 7, 2007, Mr. King personally served Giugliano with an Amended Complaint at 1501 East 29th Street, 1st Floor, Brooklyn, NY. The form affidavit used by Mr. King contains a number of boxes for the deponent to indicate what papers were served; someone created an additional box, labeled it "amended complaint," and checked it.

There is no indication in any of the proofs of service filed—the handwritten addendum at the end of the Amended Complaint or Mr. King's affidavit of service—that a summons was served on either individual defendant. Similarly, in the declaration that Attorney Wareham submitted in opposition to the motion to dismiss, he indicated that only the Amended Complaint was served on Ms. Nancy Downing at 346 West 17th Street. (*See* Wareham Dec. ¶¶ 5–8.) There is no mention of service of any summons.

Once again, plaintiff has failed to obtain jurisdiction over the individual defendants.

Jurisdiction attaches upon the service of a summons as well as a pleading. Fed. R.Civ.P. 4(c). In fact, Federal Rule 4, which governs service of process, is entitled, "Summons," and it clearly states, "The plaintiff is responsible for service *of a summons* and complaint." Fed.R.Civ.P. 4(c)(1) (emphasis added). Rule 4(d), which discusses "waivers of service," clearly states that any such waiver pertains to service *of a summons*, and further provides that when a plaintiff is asked to waive formal service and agrees to

do so, "the action shall proceed … *as if a summons* and complaint had been served at the time of filing the waiver...." Fed. R.Civ.P. 4(d)(4) (emphasis added).

CPLR 308(2), on which plaintiff relies—and which must be followed precisely in order to effect service pursuant to Fed.R.Civ.P. 4(e)—also provides that service is effected, and jurisdiction attaches, when a *summons* is delivered within the State of New York. Indeed, for many years in New York, service of a bare summons (i.e., unaccompanied by any complaint) was sufficient to commence a lawsuit—service of a bare complaint, by contrast, was not.

The failure to prove service of a summons by July 18, 2007 with respect to Henry, and by September 14, 2007 with respect to Giugliano, is fatal to plaintiff's claims against both defendants. They are, therefore, dismissed with prejudice.

Because no summons was served, it is unnecessary for the Court to conduct a traverse hearing into the alleged follow-up mailing to Mr. Henry, who works at 346 West 17th Street (where the amended complaint was purportedly sent), but who has submitted a sworn statement that he never received anything from plaintiff by mail. (Henry Aff. ¶¶ 2–4.)

It may seem harsh to dismiss plaintiff's claims against the two individuals for this technical error. But as I noted in the June 28 opinion, we are not dealing here with a pro se litigant. Plaintiff has retained an attorney. The attorney is expected to know these basic rules of procedure and to follow them. Counsel failed to effect proper service the first time around, but the court gave him an additional chance—and in Dr. Giugliano's case, two additional chances—to get it right. This time, however, there was no margin for error. And error there was. I am not prepared to give yet another bite at this particular apple.

Jurisdiction has already attached as to Covenant House, so there was no need to serve it with a summons this time around. The Amended Complaint has long been available to Covenant House on ECF.

Covenant House moves to strike certain extraneous matter from paragraphs 1, 2, 4, 5, 14, 28, 29, 30, 31, 32, 34, 35, 38 and 39 of the Amended Complaint, as well as from the request for relief. The references sought to be stricken are set forth in the moving affidavit of Jonathan P. Arfa, Esq. Attorney Wareham admits in his responsive brief that the pleading contains extraneous matter that "could conceivably be struck," particularly material referring to gender discrimination and various state law claims. Therefore, Covenant House's motion to strike is granted and the references in the Arfa Affidavit are deemed stricken.

The Title VII claim relating to plaintiff's dismissal and the Section 1981 claim will go forward as against Covenant House. To the extent the Amended Complaint purports to add a claim against Covenant House relating to plaintiff's dismissal under the New York State Human Rights Law, I will allow the addition. The Human Rights Law and Title VII are co-terminous as against employers (except in their relief provisions), and I will not penalize plaintiff because his attorney belatedly recognized that he could assert a claim under both statutes.

A copy of a scheduling order is attached.

This constitutes the decision and order of the Court.